### MATHIS *et al.* v. JOHNSON.

RUSSELL, C. J. The court properly adjudged that the petition was not subject to the demurrers by which it was assailed.

(*a*) The petition was sufficient to withstand the general demurrers. It set forth a cause of action, and was subject to special demurrers calling for specification and definite information, but it contained "enough to amend by," and in the absence of appropriate special demurrers pointing out these defects, which would have compelled amendment, it would have been error to dismiss the petition on general demurrer.

(*b*) The only special demurrers filed by respondents were based on the ground that the petition was multifarious. All of the defendants had a common interest in the subject of the suit, and all of them were connected in some manner to the suit, and were proper parties thereto. All the parties had a common interest in the wages of the defendant, and were thereby connected to each other. *Cook* v. *Georgia Fertilizer & Oil Co.*, 154 *Ga.* 41 (113 S. E. 145) ; *Brown* v. *Wilcox*, 147 *Ga.* 546 (94 S. E. 993).

*Judgment affirmed.    All the Justices concur, except Atkinson and Hines, JJ., dissenting.*

No. 3790.    FEBRUARY 13, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. May 7, 1923.

Irwin Johnson filed a petition against C. G. Mathis, C. G. Mathis doing business as Hall & Company, the Inman Finance Company, and the Southern Railway Company. He alleges that in January, 1920, he gave C. G. Mathis, and C. G. Mathis doing business as Hall & Company, and Inman Finance Company cer-

tain assignments then due him upon his wages from his employer, the Southern Railway Company; that he received no money from either of the said parties on the said assignments, but the same were without any consideration whatever; that although said assignments were without consideration, each of them gave to the respective holders thereof a right to the wages made in the months mentioned therein; that said assignments were a scheme to obtain usury from the plaintiff; that the defendants have served notice upon his employer that they hold these assignments against his wages, knowing full well that there was no consideration for them; that they were a scheme to obtain usury; that the notices were served and the wages held up three months after the assignments were given, and defendants knew at the time they served the notices that the wages which he had earned during the month when he made the assignments had been drawn by him; that defendants, if they have any right at all against plaintiff, have their remedy at law by bringing suit for money had and received; that the defendants who hold said assignments will not bring suit at law, and thus will deprive plaintiff of showing that said assignments were without consideration; that, the assignment of wages being prima facie a business transaction, a discharge in bankruptcy could not be pleaded against said assignments; and that a court of equity is the only forum in which he can compel the defendants to bring into court and have canceled the assignments now held by them. He prays, that the three defendants first named be enjoined from selling, transferring, or disposing of said assignments, or from attempting to collect the same from the Southern Railway Company out of any amount now due him by said employer for services rendered; that the defendants be compelled to bring into court and have canceled the assignments now held by them, as the facts show that there is no consideration for the same; and that the Southern Railway Company be enjoined from paying to the defendants who hold the assignments any amount of wages that may be due him, and show cause why it should not pay petitioner any and all wages now due him and held up under any notice of assignment. "Petitioner, in order to avoid a multiplicity of suits, and the issues being the same and one of the defendants, the Southern Railway, being the same in all cases, joins them all in one action."

C. G. Mathis, and C. G. Mathis doing business as Hall & Company, filed a general demurrer on the grounds, first, that no cause of action is stated as against the defendant; second, that there is no equity in the petition, as plaintiff is shown to have an adequate remedy at law. This defendant also demurred specially on the ground that the petition was multifarious as to parties defendant and as to cause of action. The Inman Finance Company filed general and special demurrers in the same tenor and effect. The judge overruled both the general and special demurrers, and the demurrants excepted.

*R. R. Jackson,* for plaintiffs in error.

*W. I. Heyward* and *E. M. Habersham,* contra.