## ATLANTA FINANCE COMPANY *et al. v.* FULWILER.

1. The petition in this case joins in one action separate and distinct causes of action against separate and distinct parties between whom there is no unity or privity of interest, and is subject to the special demurrer on the ground of misjoinder of parties.
2. The petition sets forth a cause of action, and is not subject to the general demurrer.
3. The court erred in overruling the special demurrer. Direction is given that the petition may be amended, before the judgment of this court is made the judgment of the court below, so as to meet the objections

interposed by the special demurrer as to multifariousness and misjoinder of parties. If the plaintiff fails to amend his petition, the judgment of the court below will stand reversed.

No. 4379. SEPTEMBER 20, 1924.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. May 16, 1924.

J. R. Fulwiler brought an equitable petition against the Atlanta Finance Company and thirteen others named. The material portions of the petition, as amended, are in substance the following: Plaintiff secured a loan from the Atlanta Finance Company on September 1, 1921, in the amount of $20. On October 1, 1921, he renewed the loan and paid that defendant $3 as interest on the loan for the month of September, 1921. He has renewed the loan on the first day of each month since he obtained it, and has paid to the defendant $3 a month as interest on the loan until the date of filing of this petition. On March 1, 1922, he secured a loan of $10 from the Hopkins Investment Co. On April 1, 1922, he renewed this loan and paid that defendant the sum of $2 as interest for the month of March, 1922. He has continued to renew the loan with that defendant each month, and has paid it $2 per month for each month since he obtained the loan, until November 1, 1923, when he paid to that defendant $5 on the principal of the loan. On March 1, 1922, he secured a loan of $10 from D. O. Chestnutt. On April 1, 1922, he renewed this loan with Chestnutt, and paid him $2 as interest on the loan; and he has renewed this loan each month and paid Chestnutt as interest on the loan $2 each month since he obtained it, until November, 1923, when he paid Chestnutt $5 on the principal of the loan. On January 1, 1922, plaintiff secured a loan of $20 from the Union Investment Co. On February 1, he renewed this loan and paid this defendant $3 for each month thereafter until the filing of this petition. On January 24, 1923, he obtained a loan of $5 from W. G. Cooper. On July 24, 1923, plaintiff renewed this loan and paid Cooper $1 as interest on the loan for a period of 30 days, and has renewed this loan each month and paid Cooper $1 as interest each month since he obtained the loan, until the filing of this petition.—There were similar allegations of loans obtained from other parties; but the court sustained a demurrer with reference to those allegations, and no exception was taken to that ruling.

Plaintiff alleges, that at the time he secured each of these loans he executed an assignment of his salary, and at each time he has renewed the loans the several defendants have demanded his signature on a blank form which they claimed is an assignment of his salary, and each of them is claiming to hold an assignment of his salary payable by the Western Union Telegraph Co., for the month of January, 1924. His salary for one month amounts to $180, and the amounts the defendants are claiming against plaintiff aggregate $237.75. He alleges that they do not hold any assignment of his salary, nor has any of them any legal claim or right as against any money due him by his employer; but if any of them has any claim of right as to such money, any one of them would have the same right as the others, and each and all of them would have a common right in any moneys that might be due him by his employer. The defendants charged him a greater rate of interest for the money they loaned and have greatly increased the rate of interest, which is contrary to law, equity, and good conscience. All of them are undertaking to charge him more than 5 per cent. per month, and as high as 30 per cent. per month, amounting to 360 per cent. per annum. They are threatening to fill out the blank forms signed by him and to present them to his employer, demanding that it withhold from him his salary. All of the loans secured by him from the defendants have been fully paid, and he has paid them a large amount of usurious interest which he is entitled by law to recover from them. If they execute their threats to fill out the signed forms held by them, he will be deprived of his means of livelihood by their conscienceless, illegal, and immoral acts and extortionate demands, and they will cause him and his family to suffer great loss that is irreparable in damages. The demand of interest at the rate of 30 per cent. per month violates a criminal statute passed by the legislature of this State; and if the defendants should insert into the blank forms the amounts which they are threatening to insert, it will render the papers void and of no binding force. The amounts paid by him as interest are greater than 8 per cent. per annum, and are prohibited by law; and he is entitled to recover of the defendants the amounts in excess of the lawful rate. He prays that the defendants be enjoined from filling out the blank forms referred to, from presenting them to his employer, and from undertaking to collect from plaintiff any

amount as interest or principal which they may claim by virtue of any salary assignment which they may hold or claim to hold, and from transferring any paper or papers held by them with plaintiff's name signed thereto; and for general relief.

The defendants filed general and special demurrers, on the grounds, among others, that the plaintiff undertakes to set out various and numerous causes of action in one and the same petition against the Atlanta Finance Co. and the other defendants named, without plainly, fully, and distinctly setting forth a cause of action; that the allegations as to usury are not pleaded with the definiteness and particularity required by law; that the Atlanta Finance Co. is joined in one and the same suit with thirteen other defendants, without showing any unity or privity of interest connecting it with any one or more of the others, and without showing any right why it should be required to litigate in one and the same suit the matters presented in his petition; and that the petition is multifarious in that plaintiff seeks to join the defendant named with thirteen other separate and distinct defendants, without alleging any unity or privity of interest between them. The defendants demurred also on the grounds, that the petition does not meet the requirements of law as to a plea of usury, in that the dates of the alleged loans are not stated, the length of time they were to run or did run; neither is the date of payment stated, nor are the amounts alleged to have been paid stated with sufficient definiteness to enable the defendants to answer the complaint as to payment, without aid of extraneous facts; that the allegation as to the defendants' making claim to the wages of plaintiff for the month of January, 1924, sets forth conclusions of law and fact, in that neither the date nor the amount of each transaction with the different defendants is stated; and that plaintiff is asking equity without proposing to do equity in paying the defendants the full amount of money actually received by him:

The court sustained the general demurrer as to certain defendants other than those set out above, and dismissed the petition as to them; but overruled the demurrers both general and special as to the plaintiffs in error, who excepted to this judgment.

*R. R. Jackson* and *T. L. Lanford,* for plaintiffs in error.

HILL, J. (After stating the foregoing facts.)

1. In the case of *Ferrell* v. *Greenway,* 157 *Ga.* 535 (122 S. E.

198), a case very similar in its facts to the present, this court held that "The petition, construed most strongly against the pleader, is subject to special demurrer on the ground that it joins in one action separate and distinct causes of action against separate and distinct parties between whom there is no unity or privity of interest." We are of the opinion that the principle ruled in the *Ferrell* case is applicable to the case now under consideration. There is no unity or privity of interest between the parties to the present case, and the special demurrer raising the question of misjoinder of parties should have been sustained.

2. The Civil Code (1910), § 5674, provides that "The plea of usury must set forth the sum upon which it was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved." The petition in the present case sufficiently complies with the above provision to withstand the demurrer. Taking as an illustration the allegations against the Atlanta Finance Co., it is alleged that "On the first day of September, 1921, plaintiff secured a loan from the defendant in the amount of $20, and on October 1, 1921, plaintiff renewed the loan with the defendant and paid him the sum of $3.00 as interest on the loan for the month of September, 1921, and plaintiff has renewed the loan on the first day of each month since he obtained the same, and has paid to the defendant the sum of $3.00 a month as interest on the loan until the date of the filing of the petition." We think that the allegations come up to the requirements of the code section quoted above. The act of 1920 (Acts 1920, p. 215, sec. 1) provides that "No person, copartnership, or corporation shall engage in the business of making loans of money, credit, goods, or things in action, in the amount or to the value of three hundred dollars ($300) or less, and charge, contract for, or receive a greater rate of interest than eight (8) per centum per annum therefor, except as authorized by this act and without first obtaining a license from the State Bank Examiner, hereinafter called the licensing official." The act then provides how the license may be obtained. Section 13 provides: "Every person, copartnership, or corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars ($300), and may charge, contract for, and receive thereon interest at a rate not to exceed three and one half (3-½)

per centum per month. Interest shall not be payable in advance or compounded, and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever, for any examination, service, brokerage, commission, or other thing or otherwise, shall be directly or indirectly charged, contracted for, or received, except lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. No person shall owe any licensee as such, at any time, more than three hundred dollars ($300) for principal," etc. We are of the opinion that the petition in the present case sets out a meritorious cause of action as against the general demurrer. The loan contracts in the present case were all entered into since the passage of the act of 1920, and it appears from the petition that more than the lawful rate of interest authorized by the act of 1920 was charged on the sums loaned.

Direction is given that the petition may be amended, before the judgment of this court is made the judgment of the court below, so as to meet the objection interposed by the special demurrer as to multifariousness and misjoinder of parties. If the plaintiff fails to amend, the judgment of the court below will be reversed.

*Judgment affirmed, with direction. All the Justices concur, except*

RUSSELL, C. J., dissenting in part. I concur in the ruling in the second headnote and in the second division of the opinion in this case, but I am compelled to dissent from the ruling in the first headnote and in the corresponding division of the decision. In my opinion the ruling in this case is controlled by the decision in *Mathis* v. *Johnson,* 157 *Ga.* 473 (121 S. E. 805). Pleadings are never multifarious by reason of the fact that the parties having a common interest in the subject-matter which the court proposes to adjudicate are joined. This is true partly upon the principle that when a court is about to adjudge the ownership or right of

possession of a certain res, a multiplicity of suits should be avoided. I think the lower court correctly overruled the demurrer presented by the eight defendants in this case. The only matter before the court was the wages of Fulwiler for the month of January, 1924. According to the allegation of the petition each one of the eight defendants had or claimed to have orders for various amounts given by Fulwiler, authorizing his employer to pay to each of them a designated amount from his wages for the month of January, 1924. It is alleged that the orders totaled $237.75, and that the entire wages of Fulwiler for that month, as an employee of the Western Union Telegraph Co., were only $180. It is therefore apparent that all could not be paid. Fulwiler insists in his petition that none of them should be paid; and under the ruling of the majority of the court in the second headnote, in which I concur, none of these holders will be paid anything if the petitioner establishes his allegation as to usury. Certainly, then, all the defendants stand in the same position as to the question of usury. If the petitioner does not establish his allegations as to the usury as to all of the defendants, but only as to a part of them, or if he fails entirely to establish his contentions as to usury, all of the defendants will have an interest in the wages of Fulwiler for the month of January, 1924. According to the allegations of the petition, their interest is common, because the validity of the claim of each one of them depends upon the failure of Fulwiler to show that he was charged interest at a rate greater than 3-½ per cent. per month. Under the act of 1920, mentioned in the majority opinion, no lender who charges a greater rate of interest than 3-½ per cent. per month can collect anything, whether principal, interest, attorney's fees, or costs, on a contract in which a greater rate of interest than 3-½ per cent. per month is charged; so each of them has a common interest in disproving, as to himself, the allegation that he charged interest above the legal rate. The litigation involves a common subject-matter, because, according to the allegations of the petition, each has an order upon the same fund,—that arising from an indebtedness of the Western Union Telegraph Co. to Fulwiler, represented by his wages for the month of January, 1924. A common interest in a common subject-matter, or the absence of an interest in a common subject-matter, is the test by which the question as to whether pleadings are multifarious

is to be determined. "Multifariousness has been frequently defined as consisting in improperly joining in one bill several distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." 21 C. J. 408, § 427. This definition appears to have been taken verbatim from the decision of *Nail* v. *Mobley,* 9 *Ga.* 278. In this State it has been held that pleadings are not multifarious for misjoinder of parties when all of the parties named have a common interest in the subject-matter of the litigation. *Miller* v. *Jones,* 136 *Ga.* 428 (71 S. E. 910), and cases therein cited; *Massachusetts Bonding &c. Co.* v. *Realty Trust Co.,* 137 *Ga.* 693 (73 S. E. 1053); *Mathis* v. *Johnson,* supra, and cases cited.

When the jurisdiction of the court as to person is so undoubted that it cannot be questioned, a superior court in this State, having jurisdiction both at common law and in equity, may bring all the parties interested before it and decide the matter without taking two bites at a cherry, and what a court can do of its own motion either party to the cause may lawfully ask the court to do.