DAVIS *v.* ATLANTA FINANCE COMPANY.

</div>

HILL, J. 1. Section 13 of an act approved August 17, 1920 (Acts 1920, pp. 215, 219), provides: "Every person, copartnership, and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars ($300), and may charge, contract for, and receive thereon interest at a rate not to exceed three

and one-half (3-1/2) per centum per month. Interest shall not be payable in advance or compounded, and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal."

2. The petition in the case under consideration, which sought to enjoin a loan company from "filling out the blank forms herein referred to; and that said defendant company be enjoined and restrained from presenting said paper to the employer of your petitioner; and that said defendant company be enjoined and restrained from undertaking to collect any amounts from your petitioner as interest or principal which it may claim by virtue of any salary assignment which it holds or claims to hold and signed by your petitioner; and that said defendant company be enjoined and restrained from transferring any paper or papers held by it with petitioner's name signed thereto to any party or parties," etc., showed on its face that the defendant charged the plaintiff, contracted for, and received interest in excess of three and one-half (3-1/2) per centum a month on the loan. In these circumstances the petition alleged a cause of action for the equitable relief sought, and was not subject to general demurrer. *Atlanta Finance Co.* v. *Fulwiler,* 158 *Ga.* 859 (2) (124 S. E. 689).

3. The foregoing ruling does not violate the principle that "he who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit," as embodied in the Civil Code of 1910, § 4521, and applied in *Lyles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490), for the reason that inasmuch as the act of 1920, quoted above, prohibits the collection of any part of the principal, interest, and expenses, the borrower is not required to pay back anything, and consequently owes no duty in equity to the lender. *Judgment reversed. All the Justices concur.*

*Joseph D. Davis,* for plaintiff.

