## BLANTON *v.* BLANTON.

As a general rule, courts of equity will not interpose in controversies growing out of personal or domestic relations, and will leave the parties to pursue the remedies open to them in the courts of common law. But where property rights, or questions concerning property, arise between husband and wife, jurisdiction will be assumed in a proper case, in order that full and adequate relief may be granted to the injured party. In the present case sufficient facts were alleged and proved to entitle the plaintiff to the relief prayed, and the court below did not err in granting the injunction.

No. 5401. DECEMBER 18, 1926.

Injunction. Before Judge Mathews. Bibb superior court. March 27, 1926.

*Walter DeFore* and *James C. Estes,* for plaintiff in error.

*Jere M. Moore* and *Hunter & Daly,* contra.

HILL, J. W. H. Blanton, of Macon County, filed a petition for injunction against Mrs. Nellie May Blanton, of Bibb County, and alleged the following: On May 18, 1925, Nellie May Blanton

---

Divorce, 19 C. J. p. 105, n. 60.
Equity, 21 C. J. p. 154, n. 11 New, 12; p. 155, n. 27 New.

filed a petition in the superior court of Bibb County against the plaintiff, praying for permanent and temporary alimony, to which case plaintiff filed an answer denying jurisdiction of the court, for the reason that W. H. Blanton was not a resident of the County of Bibb, but was a resident of Macon County. Sometime after the filing of the petition the judge of the superior court granted an order allowing Nellie May Blanton, upon what was supposed to be an agreement, temporary alimony of $50 a month; which order was passed in the absence of W. H. Blanton and without notice to him that the same would be heard. Thereafter Nellie May Blanton filed her petition in the superior court of Bibb County, and had plaintiff attached for contempt of court for not paying the alimony under said order. On September 3, 1925, in answer to a rule nisi, plaintiff appeared and filed his answer to the contempt proceeding; and on the same day the judge of said court presiding made an order exonerating plaintiff from any contempt of court, holding that the order was void, for the reason that the court had no jurisdiction to try the same. After the filing of the petition for alimony, and during the pendency of the same, plaintiff ascertained that Nellie May Blanton was not his wife; that prior to the time of the marriage with plaintiff, she had been married to one Will Smith, in Fulton County; that Will Smith was in life, and that Nellie May Blanton had never been divorced from him. Thereupon plaintiff filed his petition in the superior court of Bibb County, asking that the marriage contract be canceled and set aside, which facts Nellie May Blanton admitted in open court to be true; that case is now pending, and would have been heard but for the fact that there had been delay in the trial of civil cases in Bibb County, and the case is now ready for trial, and in all probability will be heard at the next term of court. Since the passage of the order recited above, Nellie May Blanton has begun and is continuously carrying into effect "a series of actions and conduct for the purpose of embarrassing and worrying and harassing your petitioner." She is continuously applying to the authorities of the Central of Georgia Railway Company for passes to go to various places, to be charged to the account of plaintiff, who was then and is now in the employment of that company as cashier and operator in the town of Montezuma, Macon County, Georgia. Plaintiff boards at the Minor

Hotel in Montezuma, and Nellie May Blanton has obtained an automobile and is continuously appearing at the hotel at all hours of the night, her last visit being at 2 o'clock at night, "hammering on petitioner's door, and waking up the guests and hotel keeper, and causing your petitioner embarrassment, embarrassing him with repeated demands for money; . . she has threatened several times the life of petitioner, and at one time, in petitioner's absence from the town of Montezuma, came into the hotel and took possession of petitioner's room, and forcing your petitioner to go elsewhere to seek a place to spend the night when he came home." Plaintiff prays that Nellie May Blanton be enjoined and restrained from interfering with, harassing, or communicating with him until the final determination of his case.

The defendant filed an answer in which certain of the allegations of the petition were admitted and others denied. She denies that there was ever any legal marriage between her and Will Smith, but admits that "heretofore a marriage ceremony was performed between them, when defendant was barely thirteen years old, and that they lived together only a few days, and that in law there was no marriage; and defendant says that the said plaintiff was well aware of these facts, at and before the date of his marriage to defendant." She prays that the prayers of plaintiff be denied; and that a certain interlineation in the order of the court referred to, as follows: "it appearing that the court is without jurisdiction in the alimony proceeding," be stricken, for the reason that it was interlined after the same was read in the presence of the defendant and her counsel, and without the knowledge of the defendant or her present counsel.

On the trial the plaintiff offered evidence supporting the allegations of his petition, and the defendant offered evidence in support of her answer. At the conclusion of the evidence the court passed the following order: "It is ordered and adjudged that the defendant, Mrs. Nellie May Blanton, be and she is hereby restrained from making any money demands, personally or otherwise, on plaintiff, or from going to plaintiff's room, or in any way interfering with his privacy or employment, until the further order of this court." To this judgment the defendant excepted.

The evidence in the case is somewhat conflicting, but we are of the opinion that under the pleadings and the evidence the court

below did not err in granting the injunction complained of, for any reason assigned. It is true that courts of equity, as a rule, will not interfere in controversies growing out of personal or domestic relations between a man and his wife; but, as said by Chief Justice Fish in the case of *Lyon* v. *Lyon,* 102 *Ga.* 453 (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. R. 189), "While courts of equity are reluctant to interpose in controversies growing out of merely personal or domestic relations, and will ordinarily leave the parties to pursue the remedies open to them in the courts of common law, still, when 'property rights or questions concerning property arise between husband and wife, parent and child, [or] guardian and ward,' jurisdiction will be taken, in a proper case, in order that full and adequate relief may be granted to the injured party." It is insisted that the *Lyon* case turned on the question of the property rights of the wife, and the implication is that such rights are not involved in the present suit. But to this contention we can not agree. Assuming the allegations of the petition to be true, to the effect that plaintiff and defendant have never been legally married, and that the defendant is seeking to obtain alimony from the plaintiff, and otherwise is endeavoring to obtain money from him in various ways, and, as the evidence shows, is interfering with his personal property and effects by going to his room in a hotel where he lives alone in another county, and interfering with his personal belongings, and otherwise is annoying and harassing him in various ways, and jeopardizing his holding his position with the Central of Georgia Railway Company, we are of the opinion that the court did not abuse his discretion, under all the facts and circumstances of the case, in granting the injunction excepted to, until it can be determined, by the suit instituted for that purpose, whether the plaintiff and the defendant were lawfully married and are legally husband and wife. *Stark* v. *Hamilton,* 149 *Ga.* 227 (99 S. E. 861, 5 A. L. R. 1041).

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.