NASH LOAN COMPANY *et al. v.* DIXON *et al.*

No. 10899.   OCTOBER 16, 1935.

*Shelby Myrick* and *Hesler & Clark,* for plaintiffs in error.
*O'Neal & O'Neal,* contra.

BELL, Justice.  Logan B. Dixon and Minnie Dixon brought a suit in equity against Nash Loan Company, Family Finance Company, and Edward S. Lipscomb.  In view of the alleged relation between these two companies and of Lipscomb as an agent of the latter, these companies will, for the sake of brevity, be treated as identical and referred to as one.  The term *defendant* will mean the principal defendant, unless the context should show otherwise. The petition alleged that the defendant was a corporation engaged in the lending of money under the small-loan act (Ga. L. 1920, p. 215), under which companies duly licensed were permitted to charge interest at the rate of 3-1/2 per cent. per month. The plaintiffs had borrowed money from the defendant on several occasions, securing the loans by a bill of sale to "all of petitioners' personal property."  The plaintiffs alleged that the defendant had violated the law under which it was licensed to do business, by the compounding of interest contrary to the provisions of section 13, and that as a result of such violation each loan was void and the note and bill of sale were unenforceable. The defendant is claiming a balance of $110.50 against the plaintiffs, which the plaintiffs have refused to pay because of the facts stated above as to the invalidity of such loans, but the defendant through its agent Lipscomb continues to demand payment and to harass and annoy the plaintiffs, as stated in their petition.  The plaintiffs have paid to the defendants the total sum of $372.79, in separately stated amounts, on principal and interest, which should be repaid to them by reason of the invalidity of the loans in question.  The plaintiffs prayed for injunction, cancellation, and judgment for the total amount paid to the defendant.  The court overruled a general demurrer, and the defendants excepted.

The acts against which the plaintiffs sought injunction were thus stated in the petition: Lipscomb, who is employed by the defendant company, is trained and instructed to dun, harass, annoy, and embarrass borrowers who are delinquent in their payments.  The said agent has for the past two months continuously "called" upon petitioners, requesting that they "call" upon the manager of the

loan company to "discuss the loan." "Petitioners requested the said Lipscomb to desist from further calling upon them, and to stay away from their home; but he has disregarded their request, and continues calling at their said home, annoying and embarrassing them with his demands." "Petitioners aver that upon one occasion, when said agent called at their home, he was refused admission at the front door of the same, and he went to the rear of the house, climbed a fence, and commenced knocking on the rear door of petitioners' house. When petitioner, Minnie Dixon, requested him to leave, he used very ugly language, and threatened to take all of petitioners' furniture and household goods. Petitioners further aver that said agent has called at the place of business of the said Logan B. Dixon several times, and has been requested to desist from such practice, which he refuses to do. Petitioners aver that said agent is a very large man, being more than six feet tall and weighing more than two hundred pounds; and he has intimidated petitioners and is continuing to do so, and his said demeanor is likely to cause a breach of the peace if the same is allowed to continue. Petitioners further aver that his said actions are a trespass, which continues without abatement. Petitioners further allege that said Family Finance Company is threatening to foreclose said bill of sale and sue on said note, both of which are void under the laws of the State of Georgia." "Petitioners aver that the actions of the said Lipscomb were a violation of plaintiffs' right of privacy, and are a nuisance, and have caused them great mental pain, anguish, inconvenience, and embarrassment, and continue without abatement." "Petitioners aver that the said Logan B. Dixon is employed by the Atlantic Coast Line Railroad Company at its Savannah River wharves, and as such is charged with supervising the handling of loading, packing, and storing commodities, and his position requires his entire and undivided attention; that it is strictly against the rule of his said employer for him to have any person not employed by the said company on the said wharf talking to him, or in any manner diverting his attention from his duties; that he has informed the said Lipscomb of this rule, and advised him that his presence at the said place of business, talking to said Logan B. Dixon would cause him to be charged with infraction of rules, and would likely result in his discharge; but, notwithstanding this

injunction, the said Lipscomb continues to call upon him, and petitioner avers that his immediate superior officer has cautioned him concerning the same. Petitioners aver this to be a direct violation of the property rights of said Logan B. Dixon." The prayer for cancellation referred to the bill of sale conveying all of "petitioners' personal property," which instrument was alleged to be void because of the compounding of interest as alleged in the petition. The petition alleged that the company was threatening to foreclose this bill of sale and sue on the note. It does not appear that the bill of sale was recorded. The facts touching the compounding of interest are alleged with particularity, and there is no question as to the sufficiency of the petition to show a violation of the statute in that regard. While the demurrer contained both general and special grounds, the defendants, who are plaintiffs in error in this court, have not insisted on any of the special grounds.

Section 13 of the act of August 17, 1920 (Ga. L. 1920, pp. 215, 219), provides: "Every person, copartnership, and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars ($300), and may charge, contract for, and receive thereon interest at a rate not to exceed three and one-half (3 1/2) per centum per month. Interest shall not be payable in advance or compounded, and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal." Under this statute interest may not be compounded or computed on anything other than unpaid balances of principal. *Lanier* v. *Consolidated Loan & Finance Co.*, 47 *Ga. App.* 148 (170 S. E. 99). A violation of the

statute in this respect renders "the contract of loan . . null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

■ Since the allegations were sufficient to show that the loans made to the plaintiffs were void, the lender had no right to demand payment or to persist in sending its agent to the plaintiffs' home or to the place where the plaintiff Logan B. Dixon was employed, with the view of inducing the plaintiffs to settle the claim, after they had disclaimed liability and requested the defendants to desist from such practices. In the circumstances, the repeated visits to the plaintiffs' home amounted to a continuing trespass, to prevent which an injunction may be granted. In such case it is unnecessary to show that the defendant is insolvent or that the damages would be irreparable. *Durrence* v. *Groover*, 160 *Ga.* 680 (129 S. E. 29), and cit.; *Burns* v. *Hale*, 162 *Ga.* 336 (3) (133 S. E. 857). It has been held in some cases that an employer may have injunction to prevent a third person from interfering with the work of his employee; and it would seem that the right of the employee to such relief would rest upon equally as sound a footing, where the intrusion was in violation of a rule of the employer, and if continued would likely result in the employee's discharge. If a property right is necessary to sustain equity jurisdiction, such right sufficiently appeared in the present case. See *Jones* v. *Van Winkle Gin &c. Works*, 131 *Ga.* 336 (2) (62 S. E. 236, 17 L. R. A. (N. S.) 848, 127 Am. St. R. 235); *Kinney* v. *Scarbrough Co.*, 138 *Ga.* 77 (3) (74 S. E. 772, 40 L. R. A. (N. S.) 473); *Culpepper* v. *Cunningham*, 139 *Ga.* 88 (2) (76 S. E. 750); *Blanton* v. *Blanton*, 163 *Ga.* 361, 364 (136 S. E. 141). So far as the petition sought an injunction against the conduct of the lender's agent, it stated a cause of action.

■ While there is some authority to the contrary (see Family Loan Co. *v.* Hickerson, 168 Tenn. 36, 73 S. W. (2d) 694, 94 A. L. R. 664), under the controlling decisions in this State the rulings made above should not be different because the plaintiffs did not tender the principal amount of the loans with lawful interest. In *Davis* v. *Atlanta Finance Co.*, 160 *Ga.* 784 (129 S. E. 51), it was held that the general rule as to tender does not apply in a case like the present, for the reason that the act of 1920 prohibits the collection of any part of the principal or interest, and

consequently the borrower owes "no duty in equity to the lender." The *Davis* case, just referred to, dealt not only with the question of tender, but also with the question of injunction; and under that decision, regardless of other authorities, the instant petition was sufficient to state a cause of action. The decision in the *Davis* case was based on the previous decision in *Atlanta Finance Co.* v. *Fulwiler,* 158 *Ga.* 859 (2) (124 S. E. 689), which fully supported it and which is therefore additional authority in the present case. Each of these decisions was concurred in by all of the Justices, except that in the *Fulwiler* case Mr. Chief Justice Russell dissented from a ruling there made which is not pertinent to the case at bar. Since the compounding of interest by a lender operating under the act of 1920 renders the loan contract null and void and destroys the lender's right "to collect or receive" any portion of the principal or interest, the present case is distinguished, on the question of tender, from cases like *Patterson* v. *Moore,* 146 *Ga.* 364 (91 S. E. 116), and *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490). As to tender there seems to be a conflict between the decisions in the *Davis* and *Fulwiler* cases on the one hand, and *Lawrence.* v. *Patterson,* 170 *Ga.* 419 (3) (153 S. E. 29), on the other; but the two former decisions, having been concurred in by all of the Justices, must be given preference as authority. The same is true as to any other conflict which may exist in these cases. It may also be noted that the decision in *Lawrence* v. *Patterson,* was rendered by a divided bench, Mr. Chief Justice Russell having dissented. The court in that case inadvertently failed to make the proper distinction between the act of 1920 and the more general laws upon the subject of usury. This is not to imply, however, that since the act of 1916 (Ga. L. 1916, p. 48), the correct general rule as to tender should be as stated in that case. The question, of course, is not involved in the case at bar, and the present decision does not assume to deal with it. See *Poulk* v. *Cairo Banking Co.,* 158 *Ga.* 338 (3) (123 S. E. 292); *McGraw* v. *Planters Bank,* 178 *Ga.* 580 (173 S. E. 643); Moncrief *v.* Palmer, 44 R. I. 37 (114 Atl. 181, 17 A. L. R. 119, 123); Yonack *v.* Emery (Tex. Com. App.), 13 S. W. (2d) 667, 70 A. L. R. 684, 693; 27 R. C. L. 264, § 67; 66 C. J. 269, 272, §§ 242, 246. Under the allegations of the petition, the acts of the defendant and its agent, as referred to in the preceding division, could not have been

justified after notice to desist, even though its claim of indebtedness had not been forfeited, and continued to be a valid and subsisting obligation. In such case, however, the plaintiffs might have been embarrassed by their failure to pay or tender the amount due. So nothing said in this case is intended to hold that the conduct of the defendant was unjustified merely because the loans had become void. The courts were open, and the defendant could have tested its claim, whether valid or invalid, by an appropriate action. It could in the present suit have filed a cross-action seeking recovery against the plaintiffs, in case it disputed the allegations as to the compounding of interest, and, for aught that is shown by this record, such a proceeding may be now pending in the court below.

■ If the petition had stood solely upon the allegations and prayers in reference to cancellation, it might possibly have been subject to dismissal upon the ground that the plaintiffs had an adequate remedy at law. Cf. *Calhoun* v. *Davis,* 163 *Ga.* 760 (137 S. E. 236); *American Security Co.* v. *Sealey,* 173 *Ga.* 754 (161 S. E. 253); *Straub* v. *First Mutual B. & L. Asso.,* 178 *Ga.* 672 (173 S. E. 714). But see *Jones* v. *Equitable Loan Co.,* 179 *Ga.* 228 (175 S. E. 554). Equity, however, will strive always to do complete justice; and since the petition stated enough for injunction, the plaintiffs could, by proper allegations and prayers, include a claim for cancellation of the bill of sale. As to this subject, the petition was not defective because it did not appear that the instrument had been recorded. On this phase of the case, the petition was not an action quia timet to cancel a cloud upon the plaintiffs' title, but was the equivalent of a suit to cancel a contract upon the ground of fraud. In the latter class of cases, whether or not in the former, it is not essential to the maintenance of the action that the contract shall have been recorded. *City of Atlanta* v. *Jones,* 135 *Ga.* 376 (5) (69 S. E. 571); *Americus Railway & Light Co.* v. *Americus,* 136 *Ga.* 25 (4) (70 S. E. 578); *Elliott* v. *Marshall,* 179 *Ga.* 639 (176 S. E. 770).

■ No question of limitation has been raised. If the claim is not barred, the plaintiffs may recover such sums as were paid on forfeited interest; that is to say, all charges for interest would be forfeited by the violation of the statute, and sums paid thereon could be recovered. "Such payment does not fall within the ordi-

nary rule that one who voluntarily pays money upon an illegal demand can not recover the same; but such payment will be regarded as obtained by taking advantage of the necessities of the borrower, and for this reason excepted from the general rule." *Morgan* v. *Shepherd*, 171 *Ga.* 33 (3) (154 S. E. 780). In *Zeigler* v. *Scott*, 10 *Ga.* 389 (6) (54 Am. D. 395), it was held that the debtor could recover back the excess, but not the legal interest paid. At the time of that decision, however, there were no such statutes as to forfeiture and recovery as we now have in this State. Upon the violation of the act of 1920, the transaction not only became subject to the provision thereof that the licensee should "have no right to collect or receive any principal, interest, or charges whatsoever," but, losing the protection of this act, it also became usurious under the general laws upon the subject of interest and usury. Hence the debtor could measure the forfeiture by the act of 1920, and could at the same time, as to amounts paid on forfeited interest, seek a recovery under the general law as to forfeiture and recovery where usury is charged. Code of 1933, §§ 57-101, 57-112, 57-114, 57-115. Accordingly, in a case like the present, the right to recover interest paid is not confined to the excess above the legal rate, but the whole amount paid upon the forfeited interest may be reclaimed. Nor is the action in such case defeated upon the ground that the payments were voluntary. The money was received by the creditor for debtor's use, and in good conscience he can not retain it. Ex aequo et bono, the debtor is entitled to it and may recover it in an action for money had and received. *Camp Lumber Co.* v. *Citizens Bank*, 142 *Ga.* 84, 90 (82 S. E. 492). While the principal is also forfeited by a violation of the act of 1920, the right to recover an amount paid upon the principal does not rest upon the same equitable basis which allows a recovery of sums paid upon forfeited interest. Under the facts stated in the petition, the payments on principal appear to have been voluntary, and are not recoverable. Such a recovery would be inequitable, despite the fact that the loan contracts were rendered void by the compounding of interest. As to voluntary payments, see Code of 1933, § 20-1007; *Strange* v. *Franklin*, 126 *Ga.* 715 (55 S. E. 943); *West* v. *Brown*, 165 *Ga.* 187 (140 S. E. 500); *McCarty* v. *Mobley*, 14 *Ga. App.* 225 (3) (80 S. E. 523); *Bryant* v. *Guaranty Life Ins. Co.*, 40 *Ga. App.* 573 (150 S. E. 596); *Dunton* v. *Norton*, 42 *Ga. App.* 310 (155 S.

E. 775). The petition stated a cause of action, however, for some of the relief sought, and was not subject to dismissal as a whole. The court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*