19184.  BROWN v. BROWN.

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 15, 1956.

*Aaron Kravitch,* for plaintiff in error.

*Bert Meyer, William H. Young, Jr.,* contra.

WYATT, Presiding Justice. ■ It is contended by the plaintiff in error that by the judgment in the injunction suit above referred to it was determined, or under the rules of law it could have been determined, that the defendant in error was not the common-law wife of the plaintiff in error, and that this judgment is res judicata on the question of whether or not there was a common-law marriage subsisting between the parties to this action. We can not agree with this contention. The doctrine of res judicata is that all matters which were in issue or which under the rules of law could have been put in issue in a former suit between the same parties upon the same cause of action are barred so long as the former judgment stands unreversed. This rule of law does not apply to the facts in the instant case, since the present action is not upon the same cause of action as the former suit which is pleaded as a bar to the instant suit, the former suit being for an injunction to restrain an unlawful interference with property rights, and the instant suit being a suit for divorce.

If it be insisted that the plea in the instant suit is not a plea of res judicata, but is instead a plea of estoppel by judgment, it would still not apply to the facts in the instant case. The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit. In the instant case, it was not decided directly or otherwise that the plaintiff in the instant case was or was not the common-law wife of the defendant. Whether or not the defendant in the injunction suit was or was not the wife of the plaintiff in that suit would not and did not determine whether or not the plaintiff was entitled to an injunction restraining an unlawful interference with his property rights, since one spouse may restrain the other from an unlawful interference with property rights. *Lemon* v. *Lemon,* 141 *Ga.* 448 (81 S. E. 118) ; *Lyon* v. *Lyon,* 102 *Ga.* 453 (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. R. 189) ; *Blanton* v. *Blanton,* 163 *Ga.* 361 (136 S. E. 141).

It follows, therefore, the former judgment granting to the husband an injunction is not res judicata nor an estoppel by judgment upon the question of whether or not there was a marriage subsisting between the parties in the instant suit.

■ It is next contended that the evidence was not sufficient to support the finding that a common-law marriage existed. The evidence upon this question was in sharp conflict. This being true, the judgment of the court below finding that there was a valid common-law marriage subsisting between the parties will not be disturbed.

It follows from what has been said above, the judgment complained of was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*