34306. SAPP v. ABC CREDIT & INVESTMENT
COMPANY et al.

BOWLES, Justice.

This case is here on direct appeal from an order of the Superior Court of Meriwether County which granted appellee's motion for summary judgment on nine counts of appellant's eleven count amended complaint, and granted

appellee's motion for partial summary judgment on one of its counterclaims.

Appellant, Irma Jean Sapp, filed an equitable petition in the Superior Court of Meriwether County against appellee, ABC Credit and Investment Company, hereinafter ABC, seeking to enjoin the foreclosure sale of property on which she lived. Appellant was either the principal obligor or a co-signer on several notes evidencing loans made by Greenville Credit.[1] Another Greenville Credit note was executed by one of appellant's daughters alone. Appellant contends that all of the Greenville Credit loans were void because of violations of the Georgia Industrial Loan Act including the making of one loan after the ILA Commissioner had revoked Greenville Credit's license. Appellant asserts that these loans were consolidated in a loan from ABC, which appellant contends is essentially the same entity as Greenville Credit. It is the note and security deed of ABC's loan from which appellant seeks relief.

Appellant's eleven count amended complaint requested injunctive and declaratory relief as to the note and security deed, cancellation of the note and security deed for fraud, usury, lack of and illegal consideration, a constructive trust on monies wrongfully disbursed to Greenville Credit, damages for fraud, and rescission and damages under the Federal Truth-In-Lending Act. Appellee ABC, filed an answer denying appellant's allegations and two counterclaims for unpaid principal still due. One counterclaim requested judgment for $7,138.88 plus 15 per cent attorney fees waiving claim to interest from date of default. The other counterclaim requested judgment for $5,851.58 actual damages, reasonable attorney fees and $15,000 punitive damages for deceit.

After depositions were taken and an affidavit filed by appellant, summary judgment was granted against

---

[1]Although Greenville Credit was named as a defendant below, proof of service was never made. No orders were entered as to it and it is not a party to this appeal.

appellant on all counts of her amended complaint except those counts seeking relief under the Truth-In-Lending Act. ABC was awarded $7,138.88 for unpaid principal on its counterclaim.

We affirm the grant of summary judgment dismissing counts 3 and 10 of appellant's amended complaint and dismissing her requests for declaratory relief. We reverse the grant of summary judgment dismissing counts 1, 2, 6, 7, 8, 9, 11 and dismissing appellant's claims for equitable relief.

1. We must first deal with ABC's contention in its brief that appellate jurisdiction is inappropriate at this time. It argues that since the trial court's order granted partial summary judgment as to just one of ABC's counterclaims and summary judgment as to less than all of appellant's claims, the case is still pending below and that any appeal should have been according to Code Ann. § 6-701 (a) 2. *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978), makes it clear that Code Ann. § 81A-156 (h) gives a losing party the right to a direct appeal from an order granting summary judgment on any issue even though the judgment is not final (as when it disposes of fewer than all the claims). This is also true where the appeal is from a grant of partial summary judgment. *Marietta Yamaha, Inc. v. Thomas*, 237 Ga. 840 (229 SE2d 753) (1976). Consequently, appellant's appeal is properly before this court at this time and the merits of her case will be examined.

2. Appellant first contends that the trial court erred in finding that the loan in issue was made pursuant to Code Ann. § 57-116 and not subject to Code Ann. § 57-201 et seq., The Secondary Security Deed Act, hereinafter the SSDA. The significance of this point is that if the loan is usurious, only interest would be forfeited under Code Ann. § 57-116. If the loan is subject to the SSDA, both principal and interest could be forfeited if the loan were found usurious. Code Ann. § 57-203 (a) (i).

A loan is within the ambit of the SSDA if it is: ". . . a loan secured in whole or in part by a security deed, mortgage, or other security instrument, other than a first security deed, first mortgage or other security instrument, on residential real estate improved by the

construction thereon of housing consisting of four or less family dwelling units, executed by an individual or individuals . . ." Code Ann. § 57-201.

The evidence which appears in the record shows that one of the purposes of the loan in issue was to supply money to pay off a note to Greenville Credit, which note was secured by a deed to secure debt. It is undisputed that the money was applied to that purpose. We conclude that this was done in a simultaneous transaction. See Division 3 of this opinion.

"A security deed, although conveying the legal title, does so for the purpose of security only, and, upon the satisfaction of the obligation which it is given to secure, is automatically extinguished in effect and can be canceled of record without any reconveyance by the grantee in accordance with the provisions of the Code, § 67-1306." *Hennessy v. Woodruff,* 210 Ga. 742 (82 SE2d 859) (1954). This being the case, and the obligation underlying the deed to secure debt being satisfied, there was no prior security deed to which the security deed in issue could be secondary. Since the instrument in question was a first security deed, it is not subject to the SSDA.

The trial court correctly determined that the subject loan was made pursuant to Code Ann. § 57-116. Therefore, if the note is usurious, only interest would be forfeited and the principal would still be due unless the note, for other reasons, was subject to and violated the Georgia Industrial Loan Act.

3. Appellant next contends that the trial court erred in finding no issues of material fact and in denying any basis of relief in her claims that the earlier instruments were void, illegal and unenforceable (Counts 7-11 of her amended complaint). The gist of her argument is that if ABC and Greenville Credit are one and the same entity, the note evidencing the loan made by ABC was in fact a *renewal* or consolidation of the earlier notes by Greenville Credit. If this note was a renewal and the prior notes were void because they violated the Georgia Industrial Loan Act, then, she contends, the renewal note would also be void and unenforceable under the rule in *Douglas v. Dixie Finance Corp.,* 139 Ga. App. 251 (228 SE2d 144) (1976). Thus, it is apparent that a key issue in this contention is

that of the corporate distinctiveness of ABC and Greenville Credit. We hold that the trial court erred in finding as a matter of law that the corporations were distinct.

On a motion for summary judgment, the pleadings of the opposing party must be taken as true, unless by the admissions, depositions or other material introduced it appears beyond controversy otherwise. There is a duty on the party opposing a motion for summary judgment to present relevant evidence in rebuttal of the movant's evidence but there is no duty upon an opposite party to produce evidence unless the movant successfully pierces the allegations of the petition by competent evidence to show that no fact issue exists. *Bagley v. Firestone Tire & Rubber Co.,* 104 Ga. App. 736 (123 SE2d 179) (1961). ABC, the movant, did not pierce the allegations of appellant's petition.

In the case at bar, appellant affirmatively alleged that the two corporations were in fact one. Although appellee denied this in its answer it produced no competent evidence sufficient to pierce the allegations. The only testimony touching on the matter came from ABC's employee who *stated* that there were two corporations but then went on to say that Greenville Credit owned all the stock and assets of ABC and that *Greenville Credit's accounts* were being collected in the name of ABC as well as in the name of Greenville Credit. The evidence also showed that when appellant received her check from ABC's employee to pay off the prior loans to Greenville Credit, she endorsed it on the spot and handed it back to the same employee. The other endorsements on the check are a stamp by Greenville Credit and a stamp by ABC "For Deposit Only." Thus the check written by ABC was returned to ABC without leaving its office.

ABC had it within its power to come forward with facts to show that these corporations were separate and distinct and did not do so. Furthermore, ABC refused to furnish a list of its stockholders in its answer to appellant's interrogatories.

These facts present an issue for a jury determination. A jury must decide if the two corporations are in fact one or

if Greenville Credit used ABC as its instrument to perpetrate a fraud on appellant. The jury must decide whether or not a "renewal" note is involved in this case and thus will determine if a legal consideration was received by appellant in return for the execution of the subject note.

As there were issues of fact to be determined in conjunction with counts 7, 8, 9 and 11 of appellant's amended complaint the trial court erred in granting summary judgment against appellant as to those counts. *Dunbar v. Green,* 229 Ga. 829 (194 SE2d 435) (1972); *Bagley v. Firestone Tire & Rubber Co.,* supra.

In her count 10, appellant asserted that she did not assent to the terms of the note and security agreement, that they are harsh and one-sided, and that they should be canceled to prevent oppression and unfair surprise. The record shows that the terms of the documents are common and that appellant had prior experience in signing such documents. Appellant testified that the only thing she thought was unfair or surprised her about the instruments was that she felt she was overcharged. This is insufficient as a matter of law to constitute oppression or unfair surprise. Appellant, in her deposition, admits being able to read and write and admits signing the documents in question.

"Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he cannot defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942).

Appellant has made no sufficient allegation that she was fraudulently prevented from reading the documents she signed and thus cannot now claim that she did not

assent to the terms in those documents. For these reasons, summary judgment was correctly granted as to appellant's count 10.

4. Appellant next asserts that the trial court erred in dismissing her claims for fraud as to which, she contends, there were genuine issues of material fact. These claims are found in appellant's counts 1, 2 and 6. Counts 1 and 6 were disposed of on the ground that equitable relief was sought and because appellant had not tendered the principal amount of her loan she was not entitled to relief. A further ground for denying relief was that there had been no misrepresentation of a material fact. Count 2 was disposed of on the ground that there was no fiduciary duty between ABC and appellant and, again, that there had been no misrepresentation of a material fact.

The trial court correctly found that there was no fiduciary duty between ABC and appellant and that there had been no misrepresentation of a material fact, but the court failed to deal with appellant's contention that ABC had been engaged in a fraudulent scheme which resulted in appellant being required to pay void obligations and to give security on her real and personal property. Fraud is not always perpetrated by wilful misrepresentations. "As stated in *Wood v. Cincinnati Safe &c. Co.*, 96 Ga. 120, 123 (22 SE 909): 'Fraud is exceedingly subtle in its nature. There are infinite means by which it can be accomplished . . . It may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud.' " *Bagley v. Firestone Tire & Rubber Co.*, supra, at 741.

Appellant's allegations indicate the possibility that she may have been "tricked" into executing the subject documents. She further made a positive allegation that ABC fraudulently refused to take her loan installment payments which she tendered on time. ABC denied this in its answer and ABC's employee testified to the contrary as well. However, appellant came forward with an affidavit supporting her position, thus showing there was a genuine issue of material fact on this question. The element of reasonable diligence of the appellant in discovering the alleged fraudulent scheme is also a question for the jury in this case. *Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977).

As there were genuine issues of material fact with regard to appellant's allegations of fraud, the trial court erred in granting summary judgment against her count 2. Furthermore, the trial court erred in granting summary judgment against appellant's counts 1 and 6 provided there was no duty to tender the principal sum of the loan as a condition of seeking relief.

"He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code Ann. § 37-104. Under the usual rule, before appellant would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note. *Berry v. Government Nat. Mtg. Assn.,* 231 Ga. 503 (202 SE2d 450) (1973). This is true in cases alleging fraud. *Candios, Inc. v. Driver,* 145 Ga. App. 537 (244 SE2d 85) (1978). Furthermore, her poverty would not be an equitable excuse for failure to tender. *Berry v. Government Nat. Mtg. Assn.,* supra.

However, appellant seeks to avoid the operation of this rule by alleging that *no sums are due under the instruments in question.* Her argument is that because the note in issue is a "renewal" of notes void under the Georgia Industrial Loan Act then it too is void and neither principal nor interest is due. See, Code Ann. § 25-9903 and *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274) (1975). While a mere allegation in a complaint that "no sums are due" may not be sufficient to excuse tender, here appellant has shown a genuine issue of material fact on the matter and she is entitled to establish her contention at trial. If, in fact, no sums are due, her failure to tender is excused. See, *Davis v. Atlanta Finance Co.,* 160 Ga. 784 (129 SE 51) (1925). However, if the evidence does not show that no principal is due but, rather, shows that some consideration *was* received by appellant, then she will not be entitled to equitable relief since she has failed to tender the amount due.

Nevertheless, as there is a question of fact on this matter, the grant of summary judgment against counts 1, 2 and 6 of appellant's amended complaint is reversed.

5. Appellant's next assertion is that the trial court erred in dismissing her requests for declaratory relief.

The evidence before the court on motion for summary judgment shows without a doubt that at the time of filing the original complaint, the rights of the parties had already accrued. Appellee had declared a default and commenced foreclosure proceedings. Appellant herself, on the same day as she filed her complaint, sent a letter to appellee repudiating her obligations under the subject note and security deed.

"The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole." *Loyd v. City of Irwinton,* 142 Ga. App. 626 (236 SE2d 889) (1977). Here, as in *Mendel v. Pinkard,* 217 Ga. 562 (123 SE2d 770) (1962), appellant has set out no facts which show that a declaratory judgment is necessary to relieve her of the risk of taking some future undirected action incident to her rights which might jeopardize her interest. The appellant had already acted when her petition was filed (as had appellee). Consequently, summary judgment was correctly granted against her on her prayers for declaratory relief.

6. Appellant's next assertion of error alleges that the trial court erred in dismissing her equitable claims. This contention was discussed in division 4 of this opinion and needs no further elaboration here. The grant of summary judgment dismissing appellant's equitable claims is hereby reversed.

7. As discussed under division 2 of this opinion, the trial court correctly found that the loan in question was not subject to Code Ann. § 57-201 et seq. Therefore, that court correctly granted summary judgment against appellant on count 3 of her amended complaint which alleged usury by virtue of that statute. However, the court went on to hold that the note was made under Code Ann. § 57-116 and was not subject to the Industrial Loan Act. Because the note was not usurious on its face, the court granted partial summary judgment on one of ABC's counterclaims for principal and awarded it $7,138.88. As

the court based its decision that the note was not subject to the Industrial Loan Act on its incorrect decision that, as a matter of law, Greenville Credit and ABC were separate and distinct corporations, the grant of partial summary judgment awarding ABC the sum stated on its counterclaim is reversed. Whether or not a principal sum is due must be determined by a jury as discussed in division 3, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 15, 1979.

*Melinda P. Agee, L. Lyn O'Berry,* for appellant.
*Gershon, Rudin, Pindar & Olim, Jay Loeb,* for appellees.