Charles J. WOLFER and wife, Kathryn Wolfer, Plaintiffs-Appellants,

v.

Raymond C. THALER and the City of Brenham, Defendants-Appellees.

No. 75–3077
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Ben G. Levy, Houston, Tex., for plaintiffs-appellants.

R. William Spinn, Brenham, Tex., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellants are husband and wife who brought suit under 42 U.S.C.A. § 1983,[1] against defendant police officer Thaler, and the City of Brenham, Thaler's employer. The gravaman of the complaint is that Thaler's fatal shooting of appellants' son while he was attempting to flee from a burglary was an unconstitutional deprivation of their son's life. Appellants seek monetary damages for the loss of their son, a declaratory judgment that the old Texas justifiable homicide statute, V.T.C.A., Penal Code, Art. 1222, under which Thaler acted,[2] is unconstitutional, and an injunction against the enforcement of Art. 1222. The district court dismissed the action against the City of Brenham on the authority of *City of Kenosha v. Bruno,* 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109. It later granted defendant Thaler's motion for summary judgment, on the grounds that (1) defendant Thaler's good faith reliance on the constitutionality of Article 1222 precluded an award of monetary damages under Sec-

---

1. Texas law provides that a death action may be brought on behalf of a child by parents within 3 months of the death or thereafter by the executor or administrator of the deceased, V.A.T.S., art. 4675, and that a cause of action survives the death of a person, V.A.T.S., art. 5525. Under these circumstances, appellants have standing under Section 1983. *Brazier v. Cherry,* 5 Cir. 1961, 293 F.2d 401. *See Mattis v. Schnarr,* 8 Cir. 1974, 502 F.2d 588, 590.

2. V.T.C.A., Art. 1222 provided in pertinent part:

Homicide is justifiable when inflicted for the purpose of preventing . . . burglary and theft at night, . . . when the killing takes place under the following circumstances:

\* \* \* \* \* \*

8. In cases of burglary and theft by night, the homicide is justifiable at any time while the offender is in the building or at the place where the theft is committed, or is within reach of gunshot from such place or building.

tion 1983,[3] and (2) declaratory relief [4] is unavailable because (a) there is no case or controversy between the parties and (b) Article 1222 has been replaced by V.T.C.A., Penal Code § 9.42 [5] so that declaratory relief with respect to Article 1222 would be without significance. Appellants challenge the dismissal of the City and the denial of declaratory relief. We affirm.

■ Although appellants argue the constitutionality of both the old and new Texas justifiable homicide statutes, that issue is not before us. Since we agree that *Kenosha* required dismissal of the action against the City of Brenham, the sole question is the propriety of declaratory relief.

■ A declaratory judgment may only be issued in the case of an "actual controversy." 28 U.S.C.A. § 2201. That is, under the facts alleged, there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 1941, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826.

■ No such controversy exists here. Once Thaler is absolved from liability for damages under Section 1983, his interest in the constitutionality of Article 1222 is no different than appellants or any other citizen of the state of Texas.

Nor is there any immediacy or reality to the alleged controversy. Article 1222 has been supplanted. A declaratory judgment with respect to its constitutionality would be pointless.

Appellants rely heavily on *Mattis v. Schnarr,* 8 Cir. 1974, 502 F.2d 588. On similar facts save one, the *Mattis* court held that defendant police officers had a sufficient adverse interest because (1) a declaratory judgment would define their rights and powers as police officers and (2) they have an interest in assuring that the law governing their official conduct is clear so that they may perform their duties in a constitutional manner. *Id.* at 595.

The distinguishing fact is fatal to reliance on *Mattis*: the Texas law has been amended. Therefore, neither basis offered by *Mattis* creates the necessary "actual controversy."

Affirmed.

---

**3.** The district court relied on *Pierson v. Ray,* 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Appellants do not challenge this holding. Cf. Theis, "Good Faith" as a Defense to Suits for Police Deprivation of Individual Rights, 59 Minn.L.R. 991, 1011, 1025 (1975).

**4.** The district court could not have enjoined enforcement of Article 1222. Such an injunction falls under the hegemony of a three-judge court. 28 U.S.C.A. § 2281.

**5.** The new justifiable homicide statute provides in pertinent part:

A person is justified in using deadly force against another to protect . . . tangible, movable property:

. . . . .

(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

. . . . .

(B) to prevent the other who is fleeing immediately after committing burglary . . . from escaping with the property; and
(3) he reasonably believes that:
(A) the . . . property cannot be protected or recovered by any other means; or
(B) the use of force other than deadly force to protect or recover . . . property would expose the actor or another to a substantial risk of death or serious bodily injury.