David F. CLARK et al., Plaintiffs,

v.

Thomas J. LUTCHER, Individually and as a Trooper with the Pennsylvania State Police, et al., Defendants.

Civ. No. 77–563.

United States District Court, M. D. Pennsylvania.

Aug. 30, 1977.

Jack C. Younkin, Leavens & Younkin, Shamokin, Pa., for plaintiffs.

J. Andrew Smyser, Deputy Atty. Gen., Vincent X. Yakowitz, Sol. Gen., Robert P. Kane, Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants Lutcher, Peterson and McGlynn.

Roger V. Wiest, Charles H. Saylor, Wiest & Wiest, Sunbury, Pa., for defendants Brittain and Kreisher.

## OPINION

MUIR, District Judge.

David F. Clark and his parents, Franklin Clark and Pauline Clark, have filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, three state policemen and two state prosecutors, violated David Clark's constitutional rights by arresting and incarcerating him without probable cause in connection with the death of one Dorothy M. Bonawitz. On July 25, 1977, Defendants Richard C. Brittain and William Kreisher, the state prosecutors, filed a motion to dismiss supported by a brief filed on August 1, 1977. On July 26, 1977, Defendants Thomas J. Lutcher, Edward Peterson, and William A. McGlynn, all state policemen, filed a motion to dismiss supported by a brief filed on August 4, 1977. The Clarks filed a responsive brief on August 12, 1977. The time for a reply brief expired August 19, 1977 without any reply brief being filed.

All of the Defendants contend that Mr. and Mrs. Clark have no standing to participate in this action because they have not alleged a violation of their constitutional rights and that the Court should not exercise its jurisdiction under 28 U.S.C. § 1343 to entertain a claim for money damages while a state criminal prosecution is pending. In addition, Defendants Brittain and Kreisher argue that Clark is collaterally estopped from raising the issue of whether his arrest was based upon probable cause because that issue has been decided by a state trial judge and that, as state prosecutors, they enjoy absolute immunity from this action. In addition to those issues, the Court will address the question of whether three state law claims set forth in the Clarks' complaint, based upon false imprisonment, malicious abuse of legal process, and intentional infliction of emotional harm, should fall within the Court's pendent jurisdiction. These contentions will be addressed *seriatim*.

■ In deciding whether to exercise pendent jurisdiction over state law claims, a federal court must first determine whether it has jurisdictional power and then, if it has such power, whether to exercise that power. Pendent jurisdiction exists when state law claims "form a separate but parallel ground for relief also sought in a substantial claim based upon federal law." *United Mineworkers v. Gibbs*, 383 U.S. 715, 722, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966). *See also Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187 (3d Cir. 1976). If the state causes of action arise from a common nucleus of operative facts which would ordinarily be tried in one judicial proceeding, then jurisdiction exists. That test is met in this case, so that the Court's exercise of pendent jurisdiction would not be an abuse of its power. However, *Gibbs* also indicates that the Court must consider the impact of the exercise of its jurisdiction upon judicial economy, convenience, and fairness to the litigants. It must determine whether substantial federal policies are implicated in the state law claims and whether the joinder of those claims with the federal cause of action would cause confusion or complexity likely to mislead the trier of fact. The Court believes that the possibility of confusion overrides any considerations of economy present in this context. The elements of a claim brought under 42 U.S.C. § 1983 differ vastly from those of state tort claims based upon false arrest, malicious abuse of process, and intentional infliction of emotional harm. It would be extremely difficult for the trier of fact to keep separate the elements of four distinct causes of action when standards of liability may differ on each. Therefore, in the exercise of its discretion, the Court will refuse to entertain under its pendent jurisdiction the causes of action set forth in Counts II, III, and IV of the Clarks' complaint.

Defendants assert that Mr. and Mrs. Clark have no standing to bring an action for damages under 42 U.S.C. § 1983 based upon a violation not of their constitutional rights but the rights of their son, David F. Clark. It is clear that as a matter of general policy the Courts should not permit litigants to raise the constitutional rights of third parties who are not before the Court unless exceptional circumstances exist. *See, e. g., Population Services Int. v. Wilson*, 398 F.Supp. 321 (S.D.N.Y.1975), *prob. juris. noted*, 426 U.S. 918, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1976). An exception is made where the party before the Court stands in some special relationship to the third person whose rights he intends to assert. *See Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). However, the Court believes that the traditional rules of *jus tertii* should be relaxed in this situation because Mr. and Mrs. Clark allege that they have suffered a financial loss as a result of the violation of David's constitutional rights, their entitlement to the earnings of a minor child. A similar result has been reached in other cases where litigants have asserted a right to all or part of the monetary damage suffered by the third person whose rights were violated. *See Wolfer v. Thaler*, 525 F.2d 977 (5th Cir.), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976); *Mattis v. Schnarr*, 502 F.2d 588 (8th Cir. 1974). Therefore, Mr. and Mrs. Clark have standing to assert their claim.

Defendants urge this Court to refrain from exercising its jurisdiction over the Clarks' claim because the Commonwealth's prosecution against David F. Clark for rape, robbery, and murder is still pending. They state that considerations of federalism mandate that the Court not interfere with the orderly process of a state criminal prosecution. The Court finds this argument unconvincing and, in addition, seriously doubts that it has the power to refuse to exercise its jurisdiction over actions at law once that jurisdiction has properly been invoked. In addition, the interference with the state prosecution is not sufficiently serious to justify denying Plaintiffs their right to a federal forum or holding the action in abeyance pending the outcome of Clark's prosecution. Consequently, the Court will permit the action to proceed to an adjudication on the merits.

A federal court is required to stay its hand in favor of state action either when it runs the risk of interfering substantially with a state criminal prosecution or a civil proceeding which involves state, rather than private, interests, or when a decision on an issue of constitutional law may be avoided by a state's resolution of a question of state law in a manner which would obviate the need to reach the constitutional question. The first situation is commonly termed "Equitable Restraint" while the second is the traditional abstention doctrine. The Court is convinced that decisions rendered under either label do not mandate that it refrain from exercising jurisdiction in this case.

The doctrine of equitable restraint has its origin in *Douglas v. City of Jeanette*, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Since that time, it has become widely accepted that a federal equity court will not act to enjoin an ongoing state criminal prosecution absent a showing of some irreparable injury both great and immediate and an allegation that the state prosecution is a product of bad faith or harassment on the part of state officials, so that vindication in the state proceeding will not serve adequately to protect a party's constitutional rights. In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Court stated that absent a showing of exceptional circumstances, "Our Federalism" precluded a federal court from entering an injunction against a state prosecution which had begun before the federal lawsuit was initiated, and on the same day, in *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), applied the rationale of *Younger* to an action for declaratory judgment. The Court stated that a declaratory judgment can be as intrusive as an injunction because it may serve as the basis for a subsequent injunction if state

officials do not abide by the decision, and it may have a *res judicata* effect when the issue is reached by the state tribunal. 401 U.S. at 72, 91 S.Ct. 764. The Court noted that declaratory relief, while a statutory remedy is "essentially an equitable cause of action," citing *Great Lakes Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943). The extension of the equitable restraint doctrine in recent years has taken the form of enlarging the types of state proceedings with which a federal court should not interfere to civil proceedings where the state is the real party in interest and enlarging the time period in which a state may begin proceedings which will cut off a party's right to federal intervention. All of those cases have involved suits either for injunctive or declaratory relief. *See Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); *Judice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); *Ellis v. Dyson,* 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975); *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Huffman v. Pursue Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), the Court stated that the *Younger* decision was based upon "the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." 421 U.S. at 124, 95 S.Ct. at 1531; see also *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Gerstein* the Court held that the validity of a pre-arraignment detention was an issue that could not be reached in an ensuing criminal prosecution and therefore that the doctrine of equitable restraint did not apply. The Court believes that because the legal issue of whether the Clarks are entitled to damages for a violation of David Clark's constitutional rights will not be raised in the state criminal prosecution, this case resembles *Gerstein* more than those cases cited above which were decided under the doctrine of equitable restraint.

In addition, there are other compelling reasons why the Court will not deprive the Clarks of their federal forum.

First, the Clarks will suffer harm if this Court dismisses their complaint, as it must if the equitable restraint doctrine is applicable. The statute of limitations to be applied to their damage action must be taken from the Pennsylvania provision governing a similar state tort suit, which is either one or two years. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 Pa.Stat.Ann. § 31 (1953) and Act of July 1, 1935, P.L. 503, No. 196, § 1, 12 Pa.Stat.Ann. § 51 (1953). If the criminal prosecution were to extend for more than the applicable limitations period, the Clarks would be forever barred from suing under 42 U.S.C. § 1983. Such preclusion is inconsistent with the Congressional policy behind that statute of providing an alternate forum for the vindication of federal constitutional rights. *See Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Therefore, a showing of substantial harm has been made by the Clarks. This harm must be balanced against the possibility of substantial interference with the Commonwealth's interest in its criminal prosecution.

In *Lewis v. Kugler,* 446 F.2d 1343 (3d Cir. 1971), the Court noted that where no interference with a state's criminal prosecution results from a federal court's exercise of jurisdiction, there is no need for the Court to dismiss the case even if a prosecution involving the same party is currently pending. This holding falls within the general rule that exhaustion of state judicial remedies is not required of a Plaintiff in a § 1983 action because Congress' intent was to provide such persons with an alternate forum for the vindication of their constitutional rights. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *accord, Zwickler v. Koota,* 389 U.S. 241, 88

S.Ct. 391, 19 L.Ed.2d 444 (1967). If this Court's exercise of jurisdiction over the Clarks' claim will not cause serious interference in the Commonwealth's prosecution of David F. Clark, which outweighs any harm to the Clarks, then there is no need to dismiss the complaint.

The intrusive effect of an injunction forbidding state officials to continue with a prosecution is clear. · A similar effect would result if a federal court were to declare unconstitutional a state statute under which a prosecution was being maintained. However, neither an injunction against officials nor a declaration of the validity of the statute is involved in an action for damages. Should this Court ultimately find in the Clarks' favor, it is doubtful that the Commonwealth of Pennsylvania would be precluded from maintaining its current criminal prosecution against David Clark. The only possible intrusive effect which would occur is that Clark might raise the defense of collateral estoppel when the Commonwealth attempts to litigate certain factual issues at his trial. The Court is not convinced that a state criminal court would be bound by the determinations of a federal civil court in a damage action any more than this Court is bound by decisions of the state trial judge on the issue of whether there was probable cause for Clark's arrest. Collateral estoppel is applied only where an identical factual issue has been litigated by the same parties in a different forum. In *Brubaker v. King,* 505 F.2d 534 (7th Cir. 1974), the Court, faced with a similar issue, stated that the issues of probable cause to arrest and liability of state officials under 42 U.S.C. § 1983 differs sufficiently so that a determination in a state court of the existence of the former did not preclude the litigation of whether the Defendants' constitutional rights had been violated by the arrest in a subsequent federal civil suit. Therefore, it is not clear that a judgment rendered in favor of the Clarks would have any effect on the state criminal proceeding. Because the justification of preventing substantial interference with a state proceeding does not exist in this case, the Court will refuse to dismiss Clark's complaint on that basis.

The Court notes the possibility of holding proceedings in abeyance until the completion of the state prosecution but rejects that as well. Such a postponement of jurisdiction is usually undertaken in a traditional abstention case where a federal constitutional issue and a state law issue are present and the resolution of the state law issue would obviate the need for a constitutional decision. In that circumstance, the federal court, in the exercise of its equitable discretion, will abstain until a state court has had the opportunity to rule on the state law issue. *Railroad Comm'n v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In this case, however, the only question this court must resolve is one of federal constitutional law. It may not abdicate its responsibilities in favor of a state court.

Finally, this Court expresses grave doubts about its power either to abstain from a decision pending the outcome of the state proceedings or to dismiss the case entirely. All of the cases cited above under the equitable restraint doctrine and the vast majority of cases which this Court has discovered under the traditional abstention doctrine involve suits at equity rather than actions at law for money damages. The term "equitable restraint" suggests that the dismissal of an action in favor of a state criminal prosecution is an exercise of the Court's discretionary power derived from the chancellor. The abstention doctrine itself arose and is generally applied to situations where litigants seek injunctive or declaratory relief. *See, e. g., Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). In *Louisiana Power & Light Co. v. Thibodeaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), the Court ordered abstention in a case involving an eminent domain proceeding, normally regarded as a suit at common law rather than at equity. However, the Court noted that such a suit really partook more of equitable considerations. Other courts have held that traditional abstention is an equitable rather

than a jurisdictional doctrine. *See, e. g., Pa. Assn. for Retarded Children v. Pennsylvania,* 343 F.Supp. 279 (E.D.Pa.1972); *Corp. of Haverford College v. Reeher,* 329 F.Supp. 1196 (E.D.Pa.1971). The law is clear in this Circuit that equitable restraint, or *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)-type abstention, is applicable only to suits in equity; a dismissal based upon *Younger* considerations is actually a decision on the merits of the claim, because "[t]he issue is not one of power or jurisdiction . . . but simply of the appropriateness of equitable relief." *Conover v. Montemuro,* 477 F.2d 1073, 1080 (3d Cir. 1973). When a suit at law for money damages over which this Court properly has jurisdiction is begun, the Court cannot exercise equitable discretion to refuse to exercise jurisdiction. Although federalism is an important restraint on the exercise of discretionary jurisdiction by the federal courts, in light of the minimal interference with the state criminal proceeding, the clear policy of affording litigants a federal forum in which to vindicate constitutional rights represented by 42 U.S.C. § 1983, *see Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), and the doubts which the Court entertains with respect to its power to decline to exercise its jurisdiction, the Court will deny Defendants' motion to dismiss this action on the basis of comity.

Defendants Lutcher, Peterson, and McGlynn have raised only the standing and abstention issues in support of their motion to dismiss. Because the Court has decided against them on both grounds, it will deny their motion.

■■■■■ Defendants Brittain and Kreisher raise two other issues in support of their motion: that the Clarks are collaterally estopped from litigating whether David Clark's arrest was based upon probable cause and whether as state prosecutors, they are immune from this suit. The Court has touched on the collateral estoppel issue above. It cannot be disputed that in some situations issues raised in a state criminal prosecution may not be relitigated in a § 1983 action. *See Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970). However, if a reasonable doubt as to the applicability of

the estoppel exists, it must be resolved against precluding litigation of the issue. In *Moran v. Mitchell,* 354 F.Supp. 86 (E.D. Va.1973), the Court stated that to apply collateral estoppel in a § 1983 suit puts a state criminal defendant to a "Hobson's choice." If he chooses to put into issue the constitutionality of his arrest or detention at the criminal trial as a defense to criminal charges, then he may not sue in a federal court for damages if a verdict of guilty is returned against him. On the other hand, if he elects to save those contentions for a damage action, he increases the possibility of conviction. The Court there noted that some of the harshness of the collateral estoppel rule is abrogated by the availability of federal habeas corpus as a forum for disputing the findings of the state trial court if constitutional issues are raised there. This option is not available, however, when a fourth amendment claim, such as the illegality of an arrest, is involved. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The trial judge in Clark's criminal case has determined at a suppression hearing that probable cause did exist for Clark's arrest. While this Court may be bound by the state judge's determination of the facts, it is free to apply federal law in a different manner to the same facts. Thus, collateral estoppel does not require dismissal at this stage of the proceedings.

■■■■■ Defendants Brittain and Kreisher's final contention is that they enjoy immunity from suit as state prosecutors performing prosecutorial functions. In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Court held that so long as a prosecutor was performing actions within his "quasi-judicial" function, such as preferring charges against a criminal suspect, he could not be held liable in a suit brought under 42 U.S.C. § 1983 because state prosecutors require the greatest possible leeway in making such decisions. This immunity clearly applies so long as a prosecutor is acting within the scope of his jurisdiction. *Bauers v. Heisel,* 361 F.2d 581 (3d Cir. 1966). However, Clark has alleged that both Brittain and Kreisher caused him to be arrested and incarcerated without probable

cause as part of their investigatory function. In *Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977), the Court ruled that a complaint alleging excesses by a prosecutor during the performance of his administrative and investigative duties should not have been dismissed on the strength of *Imbler* because the rationale supporting absolute immunity does not extend into that area. Therefore, Clark's allegations are sufficient to withstand a motion to dismiss on this ground.

In the light of the foregoing, the Court, after considering all of the contentions raised by the Defendants, will deny their motion to dismiss.