## Wilma SULLIVAN and John Sullivan, Plaintiffs-Appellants,

v.

## DIVISION OF ELECTIONS, State of Florida, Department of State, et al., Defendants-Appellees.

No. 83–3116
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 24, 1983.

pate in this decision.

James V. Antista, Dept. of State, Jeffrey A. Miller, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, and RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Prior to the November 4, 1980, general election in Florida, appellant Wilma Sullivan was Supervisor of Elections for Leon County, Florida; appellant John Sullivan was serving as Deputy Supervisor of Elections. Wilma Sullivan did not stand for re-election on November 4, 1980, and accordingly she is no longer in office. John Sullivan was a declared candidate for the office held by Wilma Sullivan; he was elected and now serves as Supervisor of Elections for Leon County.

Clifford Mason, a write-in candidate for the office of Supervisor of Elections for Leon County in the 1980 election, requested an advisory opinion pursuant to Fla.Stat. § 106.23(2) (1979), "about the Deputy Supervisor of Elections taking a leave of absence if he is a candidate." Mason's request made no mention of either appellant or of the office of Supervisor of Elections for Leon County. On October 23, 1980, the Division of Elections rendered an advisory opinion to Mason. The opinion made no reference to appellants or to the office of Supervisor of Elections for Leon County; nor did it state that it was legally binding or constituted final agency action as a matter of law.

Appellants sought judicial review of this advisory opinion in the Florida District Court of Appeal, First District. The court dismissed their petition for review, however, because it lacked subject matter jurisdiction to review such "an advisory opinion." Appellants then brought this suit on June 6, 1981, seeking a declaration that § 106.23(2) is invalid, both facially and as applied, under the fourteenth amendment. Appellants alleged that § 106.23(2) is unconstitutional because it does not provide notice to and a hearing for persons who might be affected by a Division of Elections' advisory opinion. Appellants also sought a permanent injunction precluding any enforcement of the advisory opinion in this case.

The district court dismissed appellants' complaint for want of jurisdiction because

it failed "to allege facts creating an actual controversy between the parties," but gave appellants leave to amend. Appellants amended their complaint, but the court again dismissed it, this time with prejudice, for want of a case or controversy. The court entered judgment for the defendants and the Sullivans took this appeal. We affirm.

A district court can grant declaratory relief only if there is "a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Wolfer v. Thaler,* 525 F.2d 977, 979 (5th Cir.1976), *cert. denied,* 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). In addition, a court may not "enjoin conduct which is neither threatened nor imminent." *Congress of Racial Equality v. Douglas,* 318 F.2d 95, 100 (5th Cir.1963). We have carefully examined the allegations of appellants' amended complaint and the arguments on appeal, and cannot discern how there is any case or controversy here as to the validity of § 106.23(2).

AFFIRMED.