S00A1892. PORTER et al. v. HOUGHTON.
(542 SE2d 491)

FLETCHER, Presiding Justice.

Herman Houghton brought a declaratory action against his late wife's siblings seeking to establish that the siblings had no interest in lands Houghton claimed were owned by his wife at her death. However, we conclude that declaratory judgment was not available to establish his claim, and we reverse.

A declaratory judgment is not the proper action to decide all justiciable controversies.[1] To proceed under a declaratory judgment a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests.[2] The record reveals that Houghton has failed to make that showing.

The current record would, however, allow Houghton to proceed under the Quiet Title Act of 1966, OCGA § 23-3-60, because a purpose of that statute is for "readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding." In cases such as this involving record title to numerous tracts of land and multiple parties, declaratory judgment relief will seldom, if ever, be available. However, the quiet title in rem action, which affords complete relief within a procedural framework providing adequate safeguards of the rights of all parties is always available, subject to the limitations of OCGA § 23-3-61.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 5, 2001.

*Gaslowitz & Associates, Adam R. Gaslowitz, Walter Hamberg III,* for appellants.

---

[1] See *Sapp v. ABC Credit & Investment Co.,* 243 Ga. 151, 159 (253 SE2d 82) (1979).
[2] Id.

*Harper & Barnes, John V. Harper,* for appellee.