[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17236
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01371-RWS

ZVI KURTZMAN,

Plaintiff - Appellant,

versus

NATIONSTAR MORTGAGE LLC,
HSBC BANK USA, N.A., et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 10, 2017)

Before TJOFLAT, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

This appeal arises from an attempt by Nationstar Mortgage LLC ("Nationstar") to enforce a security deed against Zvi Kurtzman ("Kurtzman") by non-judicial foreclosure sale.  In response, Kurtzman sued under the Fair Debt Collection Practices Act[1] (the "FDCPA") and sought other declaratory relief regarding Nationstar's compliance with Georgia law controlling non-judicial foreclosure sales and the requirements of the Power of Sale contained in the security deed.  Nationstar filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Kurtzman's complaint failed to identify it as a debt collector subject to the FDCPA and that no legal basis existed to grant declaratory relief.  The District Court granted the motion and dismissed Kurtzman's complaint.  Kurtzman appealed.  After review, we affirm.

I.

Kurtzman obtained a residential mortgage loan from Countrywide Home Loans, Inc. ("Countrywide") on or about December 7, 2005.  He executed an interest-only adjustable rate promissory note in favor of Countrywide for $1,720,000.  A security deed securing the loan transaction was issued to Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Countrywide.

---

[1] Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–92p (2012).

This security deed was properly recorded in the property records of the Superior Court of Fulton County, Georgia.[2]  Nationstar acted as the loan servicer.

Kurtzman defaulted on the loan.  On March 23, 2016, a law firm acting on behalf of Nationstar sent Kurtzman written notice of a pending non-judicial foreclosure sale for the property, scheduled for May 3, 2016.  Pursuant to Georgia law,[3] this notice provided Kurtzman with "the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor" and also contained a copy of the Notice of Sale Under Power submitted for publication in a local newspaper.

Kurtzman filed this action on April 27, 2016 and also sought a stay to halt foreclosure proceedings.  The District Court rejected his request in a summary order on May 9, 2016 and assigned the case to a magistrate judge.  Nationstar then filed a motion to dismiss Kurtzman's complaint, primarily arguing the complaint could not state a claim because Kurtzman did not adequately allege that Nationstar was a debt collector subject to the FDCPA.  Nationstar also argued that its notice of sale did not violate Georgia law and that Kurtzman lacked standing to challenge the assignment that authorized Nationstar to foreclose on Kurtzman's loan.  On August 24, 2016, the Magistrate Judge issued a final report and recommendation

---

[2] On July 11, 2005, MERS assigned the security deed to HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI 2006-A1 (the "Trustee"). This assignment was also properly recorded.

[3] O.C.G.A. § 44-14-162.2.

3

that Kurtzman's complaint should be dismissed for failure to state a claim. The District Court adopted this final report and recommendation in its entirety and dismissed Kurtzman's suit on September 26, 2016. This appeal follows.

## II.

"We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (*per curiam*). To survive a motion to dismiss, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). While the complaint does not need to include detailed factual allegations, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

## III.

Kurtzman's appeal is essentially on two grounds: that the District Court erred in dismissing his FDCPA claim and that it erred in dismissing his claim for

4

declaratory judgment.[4]   All of his arguments, on both grounds, are unavailing.  We discuss each ground in turn.

A.

The FDCPA is a consumer protection statute intended to "'eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses.'"  *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312–13 (11th Cir. 2015) (quoting 15 U.S.C. § 1692(e)).   It "regulates the conduct of debt-collectors" in part by granting "consumers . . . a private right of action to enforce the provisions of the FDCPA against debt collectors[.]"  *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985)). The requirements of the FDCPA apply "only to professional debt-collectors[.]" *Id.* at n.3; *see also Harris v. Liberty Cmty. Mgmnt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012) (explaining that the FDCPA's "restrictions apply only to 'debt collectors'").

---

[4] Kurtzman's claimed grounds for his appeal are scattered.  The final report and recommendation adopted by the District Court construed the claims in his complaint, "to the extent [they] can be ascertained," essentially in this same two-claim framework.  (It also noted his request for injunctive relief, but that issue is not before us here.)  Because Kurtzman's appeal appears to raise numerous issues concerning both of those two claims as construed by the District Court, we will construe his appeal as fully challenging both of these grounds of dismissal.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).[5]  To state an FDCPA claim, Kurtzman must plausibly allege sufficient factual content to enable the court to draw a reasonable inference that Nationstar meets the FDCPA's definition of "debt collector" and is thus subject to the Act.

But Kurtzman's complaint totally omits any factual content that would enable us to infer that Nationstar qualifies as a debt collector.  The complaint is silent regarding whether the principal purpose of Nationstar's business is collecting debts, and it only generally asserts that Nationstar "regularly attempts to collect debts not owed to [it]."  This is a conclusory, formulaic recitation of the statutory language, and we need not assume it is true.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965

---

[5] The definition of "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" for the purpose of 15 U.S.C. § 1692f(6), an unfair practices subsection.  Kurtzman's laundry list of alleged FDCPA violations committed by Nationstar includes this subsection and potentially implicates this broader definition of "debt collector."  Kurtzman's complaint, however, fails to adequately allege that Nationstar meets this more expansive definition for the same reasons enumerated here.

(noting that "labels and conclusions" are insufficient to survive a 12(b)(6) motion to dismiss).

The sole factual allegation in Kurtzman's complaint that *might* have supported Nationstar's status as a debt collector is that the debt at issue was already in default when Nationstar acquired it. But it is the law of this Circuit that "a non-originating debt holder [does not qualify as] a 'debt collector' for purposes of the FDCPA solely because the debt was in default at the time it was acquired." *Davidson*, 797 F.3d at 1316. The Supreme Court has recently confirmed a similar principle regarding owned debt. *See Henson v. Santander Consumer USA Inc.*, ____ U.S. ____, ____, 137 S. Ct. 1718, 1721–22 (2017) ("[A] debt purchaser . . . may indeed collect debts for its own account without triggering the [FDCPA.]") Without this, Kurtzman has no factual allegation to stand on. Because his complaint fails to plausibly allege sufficient facts regarding Nationstar's status as a debt collector, his FDCPA claims must be dismissed.

Even if we assume, however, that Kurtzman's complaint had adequately alleged that Nationstar was a debt collector under the FDCPA, he would still fail to plead the existence of a plausible claim. Kurtzman argues that his FDCPA claim is premised on "an improper attempt to collect a debt by a debt collector through the United States Mail that was out of compliance with Georgia State law, thereby violating [the FDCPA]." He claims the Notice of Foreclosure Sale that he received

7

from Nationstar's counsel was fatally flawed under a Georgia law requiring such notices to provide contact information for "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."  O.C.G.A. § 44-14-162.2.  Because the notice he received omitted the words "full" and "all," Kurtzman argues it did not comply with the statute.

But this argument must fail under controlling precedent both in Georgia law and in this Court.  In 2010, the Georgia Court of Appeals dealt with a nearly identical claim involving a challenge to the legal sufficiency of a notice of foreclosure sale and flatly held that "OCGA § 44-14-162.2 does not require the individual or entity be expressly identified as having 'full authority to negotiate, amend, and modify all terms of the mortgage,' and we cannot conclude that [the] notice was legally deficient for failure to do so."  *TKW Partners, LLC v. Archer Capital Fund, L.P.*, 691 S.E.2d 300, 303 (Ga. Ct. App. 2010).  Indeed, it is clear that "substantial compliance with the contact information requirement of OCGA § 44-14-162.2(a) is sufficient."  *Stowers v. Branch Banking & Tr. Co.*, 731 S.E.2d 367, 370 (Ga. Ct. App. 2012).  This principle has already been recognized by this Circuit.  A panel of this Court has acknowledged "Georgia courts have repeatedly held that 'substantial compliance' is all that is required" in the O.C.G.A. § 44-14-162.2 context.  *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir.

8

2015) (quoting *TKW Partners*, 691 S.E.2d at 303).  Kurtzman's argument that the notice was deficient because it omitted two words is directly foreclosed.

Kurtzman's claim fails because it does not adequately allege that Nationstar is a debt collector for purposes of the FDCPA. Even if it did, it could not show a violation of the Georgia statute that would provide a basis for an FDCPA claim.[6] Accordingly, the District Court did not err in dismissing this claim.

### B.

We now turn to Kurtzman's appeal of the dismissal of his request for declaratory judgment.  Declaratory relief can be granted "only if there is 'a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.'"  *Sullivan v. Div. of Elections*, 718 F.2d 363, 365 (11th Cir. 1983) (quoting *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir. 1976)).  A district court "may not 'enjoin conduct which is neither threatened nor imminent.'"  *Id.* (quoting *Congress of Racial Equal. v. Douglas*, 318 F.2d 95, 100 (5th Cir. 1963)).  In order "to pursue properly a declaratory judgment under Georgia law[,] 'a party must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize

---

[6] We do not reach the question of whether Kurtzman lacks standing to bring claims relating to the assignment of the security deed.  Such a lack of standing could impact which, if any, claims would be available to him under the FDCPA.

his interests.'" *Milani v. One West Bank FSB*, 491 F. App'x 977, 979 (11th Cir.

2012) (quoting *Porter v. Houghton*, 542 S.E.2d 491, 492 (Ga. 2001)).

Kurtzman failed to meet both the immediacy and necessity requirements.

All of his allegations relate to past events, including the mailing of the Notice of

Foreclosure Sale and the correspondence that followed between counsel for both

sides.  When "all material rights have accrued based on past events and what

Plaintiff seeks is an advisory opinion on the validity of the future act of another

party[,]" declaratory relief is unavailable.  *Id.* (citing *Logan Paving Co. v. Peoples

Bank & Tr.*, 395 S.E.2d 287, 288 (Ga. 1990)).  Such is the case here.  There is no

immediate necessity for a court to grant declaratory relief.  Accordingly, the

District Court also did not err in dismissing this claim.

AFFIRMED.